GERALD A. MARKS, ESQ. (5042)
MARKS & ASSOCIATES
63 Riverside Avenue
Red Bank, New Jersey 07701
(732) 747-7100
Attorneys for Plaintiffs

| | |
|---|---|
| RICHARD FIEDERLEIN<br><br>Plaintiff,<br><br>v.<br><br>SNAP-ON TOOLS, INC.<br>Defendant. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>CIVIL ACTION NO. 03 CV 1982 (WJM)<br><br>AMENDED COMPLAINT<br>AND JURY DEMAND |

This is an action for violation of federal and New Jersey overtime regulations. Plaintiff Richard Fiederlein seeks compensatory, liquidated, punitive damages and attorney's fees from Defendant Snap-on, Inc.

## THE PARTIES

1. Plaintiff Richard Fiederlein is employed as a sales or a field manager by Defendant Snap-on Tools, Inc., at its branch office located in Edison, New Jersey.

## JURISDICTION AND VENUE

2. Jurisdiction in this matter is based on 29 U.S.C. 201 et seq. because plaintiff's claim arises under The Fair Labor Standards Act of 1938. This action involves defendant Snap-on's violation of federal overtime regulations.

3. Snap-on is a nationwide distributor of automotive electronic diagnostic equipment and automotive tools and maintains a branch office in Edison, New Jersey to which Plaintiff is assigned and from where he is supervised.

4. Venue is proper in this judicial district under 28 U.S.C. 1391(b) because a substantial part of the events giving rise to Plaintiff Fiederlein's claim occurred in this District.

## COUNT I

## FAIR LABOR STANDARDS ACT - NON PAYMENT OF OVERTIME

5. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

6. At all times relevant, Plaintiff Richard Fiederlein was employed by Defendant Snap-on as a field manager.

7. While so employed, Plaintiff Richard Fiederlein consistently worked in excess of forty (40) hours in each work week.

8. While so employed, Plaintiff Richard Fiederlein never received any overtime pay for all time worked in excess of 40 hours each work week.

9. Plaintiff Richard Fiederlein was instructed as to which records to keep and how they should be kept. Sales and motivational programs were determined by Snap-on and Plaintiff Richard Fiederlein was required to follow such programs.

10. Plaintiff Richard Fiederlein is, in all respects, a non-exempt employee entitled to overtime pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. 201 et seq.

WHEREFORE, Plaintiff Richard Fiederlein respectfully prays that this court find Defendant Snap-on in violation of the overtime provisions of the Fair Labor Standards Act of 1938 and award the following:

    A) Unpaid overtime;

    B) Attorneys fees; and

    C) Prejudgment interest.

## COUNT II

## BREACH OF CONTRACT

11. Plaintiff repeats and reiterates all the allegations set forth in the preceding portions of the Complaint as though fully set forth at length.

12. Plaintiff was orally promised a contract of employment by defendant for a minimum of three(3) years.

13. The minimum three years was required to "turn around" the troublesome field group of Snap-on tool salesman for which plaintiff was hired as a filed manager specialist.

14. As a specialist or trouble shooter, plaintiff reported to Snap-on management the reason the dealers in his assigned field group had performed poorly during the past several years was due to Snap-on's unrealistic and self-serving recommendations, along with an insufficient number of customers in the veteran dealers' routes.

15. Snap-on management, despite having hired plaintiff to find and correct the difficulties with the veteran dealers, upon information and belief, did not want to hear the truth about the situation that existed and took reprisal against the plaintiff, discharging him before the end of the promised three year term of employment.

16. By improperly firing plaintiff for advising management about the truth of its failed policies with respect to the veteran dealers, Snap-on breached its contract to plaintiff and is liable to him for damages for compensation for the balance of the twenty seven (27) months remaining on his contract.

17. Defendant is liable to plaintiff for compensatory damages for its breach of the balance of the promised three year contract of employment.

## COUNT III

## VIOLATION OF LAW AGAINST DISCRIMINATION

18. Plaintiff repeats and reiterates all the allegations set forth in the preceding portions of the Complaint as though fully set forth at length.

19. Plaintiff was injured in the performance of his duties and sustained three (3) broken ribs and a knee injury for which he was placed on limited duty by his attending physician.

20. Defendant's Greater New York branch managers, who were aware of plaintiff's injuries and the "light duty" designation required by his treating physician, nevertheless insisted and harassed plaintiff to perform various lifting and traveling tasks in violation of the "light duty" designation.

21. The actions of defendant Snap-on's managers was wrongful and violated the provisions of the New Jersey Law Against Discrimination for which defendant is liable to plaintiff for compensatory and punitive damages, as well as attorney's fees.

## FEES AND COSTS

22. Plaintiff has had to hire the undersigned attorneys.

23. Plaintiff has incurred costs and expenses related to the prosecution of his claims and the protection of his rights and interests.

24. Plaintiff is entitled to an award of the costs and attorney's fees reasonably and necessarily incurred under any applicable law.

## JURY TRIAL DEMAND

Pursuant to FRCP 38(b), Plaintiffs demand a trial by jury on all issues so triable.

## PRAYER

WHEREFORE, the Plaintiff pray as follows:

1. For the Court to find the Defendant liable for the causes of action alleged.

2. For damages against the Defendant in amounts to be proven at the time of trial.

3. For compensatory damages.

4. For punitive damages, as well as those special damages provided by applicable statutory law (LAD).

5. For the attorney's fees and costs incurred in bringing this action.

6. For interest as allowed by law.

7. For such other and further relief as the Court deems just and proper in the circumstances.

Respectfully submitted,

Dated: February 9, 2004

_____
Gerald A. Marks, Esq.
Attorney for Plaintiffs

E:\Server Files\Snap-on 2003\Fiederlein\Amended Complaint revised 2 8 04.wpd

RECEIVED

FEB 1 8 2004

GERALD A. MARKS, ESQ. (5042)
MARKS & ASSOCIATES
63 Riverside Avenue
Red Bank, New Jersey 07701
(732) 747-7100
Attorneys for Plaintiffs

AT 8:30 .............. M
WILLIAM T. WALSH, CLERK

| | | |
|---|---|---|
| RICHARD FIEDERLEIN | : | UNITED STATES DISTRICT COURT |
| | : | DISTRICT OF NEW JERSEY |
| Plaintiff, | : | CIVIL ACTION NO. 03 –1982WJM |
| v. | : | |
| | : | AFFIDAVIT OF |
| | : | PROOF OF SERVICE |
| SNAP-ON TOOLS, INC. | : | |
| Defendant. | : | |

STATE OF NEW JERSEY )
                     ) SS.
COUNTY OF MONMOUTH )

    I, Christa R. Haskins, of full age, having been sworn upon her oath, deposes and says:

    1.    I am a paralegal in the law firm of Marks & Associates, Esqs., attorneys for Plaintiff.

    2.    On February 17, 2004, I mailed by First Class Mail for filing with the Clerk, United States District Court, District of New Jersey, Martin Luther King, Jr. Federal Building and U.S. Courthouse, 50 Walnut Street, Newark, New Jersey, an original and two copies of the following:

    a.    Amended Complaint;
    b.    Proposed Order; and

1

        d.     This Affidavit of Service

      3.     On the same date, February 17, 2004, I mailed via First Class Mail, true and correct copies of the aforementioned documents to counsel for Defendant as follows:

      Aurora Cassirer, Esq.
      190 Moore Street
      Hackensack, NJ 07601

                                Christa R. Haskins

SUBSCRIBED AND SWORN to before me this 17th day of February, 2004.

Rhoda Whitman, Notary Public of NJ
My Comm. expires 12/20/2004

2